# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ARTHUR JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:17CV1482 RLW |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant's Motion to Dismiss (ECF No. 8). The motion is fully briefed and ready for disposition. Upon review of the motion and related pleadings, the Court will dismiss this action as barred by the statute of limitations.

On May 9, 2017, Plaintiff filed a *pro se* Complaint pursuant to the Federal Tort Claims Act, along with several exhibits. (Compl., ECF No. 1) The Court granted Plaintiff's motion proceed *in forma pauperis*, and the Clerk issued process in the matter. Plaintiff alleges that in May 2012, he met with his psychiatrist at the Veterans Administration ("VA")-Jefferson Barracks facility. (Pl.'s Ex. 1 p. 3, ECF No. 1-1) Plaintiff sought, and was denied, travel allowance pay to reimburse his travel expenses to the VA. (*Id.*) Plaintiff became upset and phoned a supervisor from the reception desk, and the supervisor stated she was hesitant to provide travel pay because he was homeless and had no address. (*Id.*) Plaintiff started yelling, and the supervisor warned that she would call the police. (*Id.* at pp. 3-4) Shortly thereafter, the VA police approached Plaintiff and told him to leave the premises. (*Id.* at 4) Plaintiff alleges that the officers beat him, causing physical injuries and damage to his iPhone. (*Id.*; Compl. p. 4) Plaintiff filed a Claim for Damage, Injury, or Death with the VA on September 16, 2013, which

was denied on June 3, 2014. (Pl.'s Ex. 3, ECF No. 1-3; Ex. 1 p. 2, ECF No. 1-1) He then filed a Complaint in federal court, requesting $100,000 in damages for dental bills, replacement of his iPhone, and pain and suffering.

On August 24, 2017, Defendant filed the present motion to dismiss, claiming that Plaintiff's Complaint fails to state a claim under Rule 12(b)(6) of Federal Rules of Civil Procedure because the Complaint is barred by the statute of limitations. After the Court issued an Order to Show Cause why Plaintiff failed to file a timely response to Defendant's motion to dismiss, Plaintiff filed a response in opposition on October 16, 2017. (ECF No. 11)

The Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671 *et seq.*, was enacted by Congress as "a limited waiver of the United States's sovereign immunity, to permit persons injured by federal-employee tortfeasors to sue the United States for damages in federal district court." *Mader v. United States*, 654 F.3d 794, 797 (8th Cir. 2011) (citation omitted). "[W]hile 'the extent of the United States'[s] liability under the FTCA is generally determined by reference to state law,' . . . the adjudicatory capacity over such claims is strictly limited to the various federal district courts." *Id.* (quoting *Molzof ex rel. Molzof v. United States*, 502 U.S. 301, 304 (1992)). "Although state substantive law establishes and defines a claim under the FTCA, federal law defines the limitations period and determines when the claim accrues." *Allen v. United States*, No. 4:16-CV-607 (CEJ), 2017 WL 1355492, at *2 (E.D. Mo. April 13, 2017) (citations omitted).

Under the FTCA:

A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

2

28 U.S.C. § 2401(b). In addition, the letter indicating the final decision of the VA advised Plaintiff that if he was dissatisfied with the denial of his claim, he must initiate a suit in a federal district court "within six months of the mailing of this notice as shown by the date of this denial (28 U.S.C. § 2401(b)). In any lawsuit, the proper party defendant is the United States, not the Department of Veterans Affairs." (Pl.'s Ex. 1 p. 2, ECF No. 1-1)

The record shows that the VA denied Plaintiff's claim on June 3, 2014. Plaintiff then had six months after this notice to file a claim under the FTCA. However, Plaintiff did not file his Complaint in federal court until May 9, 2017, nearly three years later. In the summary of the incident provided to the American Civil Liberties Union ("ACLU"), Plaintiff acknowledged that he was required to file a lawsuit by November 3, 2014. (*Id.* at p. 4) Further, Plaintiff's response to Defendant's motion to dismiss offers no explanation for the delay in filing a federal lawsuit, despite Plaintiff's knowledge of the deadline.[1] Plaintiff did not bring this action until nearly 2 ½ years after the 6 month statute of limitations expired, and therefore Plaintiff's FTCA claim is barred by the statute of limitations. *Sinkfield v. Pope*, 578 F. Supp. 1500, 1501 (E.D. Mo. 1983). Because the restrictions in 28 U.S.C. § 2401(b) are jurisdictional, dismissal under Rule 12(b)(1)

---

[1] The Court notes that the doctrine of equitable tolling permits a plaintiff to sue after the statutory time period has expired if inequitable circumstances prevented the plaintiff from timely filing suit. *Firstcom, Inc. v. Qwest Corp.*, 555 F.3d 669, 675 (8th Cir. 2009) (citation omitted). The party claiming the benefit of equitable tolling has the burden of demonstrating that he is entitled to such relief. *Id.* (citation omitted). While Plaintiff does not offer homelessness as a reason to equitably toll the statute of limitations, the Court notes that at the time of the incident and on his financial affidavit, Plaintiff asserted that he was homeless. *See Checo v. McDonald*, 27 Vet. App. 105, 106 (2014) (finding homelessness qualifies as an extraordinary circumstance where plaintiff demonstrates that homelessness caused the late filing because plaintiff was unable to receive mail). However, the record demonstrates that Plaintiff was able to receive mail at a postal address, and nothing in the record indicates that homelessness precluded him from timely filing his claims in federal court. *See Apionishev v. Columbia Univ.*, No. 09 Civ. 6471(SAS), 2011 WL 1197637, at *6 (S.D.N.Y. Mar. 25, 2011) ("Homelessness and depression or illness alone are not sufficient to justify equitable tolling."). Thus, the Court finds equitable tolling is not warranted in this case. *Id.*

3

of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction is appropriate. *Likins v. United States*, 589 Fed. App'x 799, 800 (8th Cir. 2014).

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (ECF No. 8) is **GRANTED**. A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 3rd day of January, 2018.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**